**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  12-80150-CR-RYSKAMP/HOPKINS**

**UNITED STATES OF AMERICA,**

**v.**

**JOSE ANTONIO QUINTANA,**

**Defendant.**

_____/

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order.  This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.   1.   Enclosed, please find copies of 65 audio\video files which contain recordings of conversations had by the defendant.

2.   The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

3.   No defendant testified before the Grand Jury.

4.   The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5.   Books, papers, documents, photographs, firearms, money and other tangible objects which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the United States Attorney's Office, 99 N.E. 4th Street, Miami, Florida.  Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    The defendant was identified in a six-person photo spread which is attached hereto.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b).  You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses

who will testify for the government at the trial of this cause.

K.        No contraband is involved in this indictment.

L.        The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.       The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.        To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

        1.      The Defendant did not possess a federal firearms license during the time period alleged in the criminal Information.

P.        At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Time:      See Information
        Date:      See Information
        Place:     See Information

There are 6525 pages of attachments included with this response.  Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

s/ Adam C. McMichael
ADAM C. McMICHAEL
Assistant United States Attorney
Southern District of Florida
Florida Bar No. 0772321
101 South U.S. 1, Suite 3100
Fort Pierce, Florida 34950
TEL: 772-293-0943
Adam.McMichael@usdoj.gov
Attorney for the United States

cc:     Elizabeth Richards, ATF

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2012, I electronically filed the foregoing *Government's Response to Standing Discovery Order* with the Clerk of the Court using CM/ECF.  I also certify that the accompanying discovery materials were sent via US Mail on September 14 2012, to:

Susy Ribero-Ayala, Esq.,

s/ Adam C. McMichael
Assistant United States Attorney

4

UNITED STATES v. JOSE ANTONIO QUINTANA
12-80150-CR-RYSKAMP/HOPKINS

<u>SERVICE LIST</u>

ADAM C. McMICHAEL
Assistant United States Attorney
Southern District of Florida
101 South U.S. 1
Suite 3100
Ft. Pierce, FL 34950
Office: (772) 293-0943
Cell: (786) 877-0744
adam.mcmichael@usdoj.gov
Attorney for the United States of America

SUSY RIBERO-AYALA
2525 Ponce De Leon Blvd.,
Suite 300
Coral Gables, Florida 33134
Telephone: (305) 854-4711
Fax: (305) 468-6197
susyera@aol.com
Attorney for the Defendant

5