# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 2:12-80150-CR-RYSKAMP/HOPKINS

**UNITED STATES OF AMERICA**

**vs.**

**JOSE ANTONIO QUINTANA,**

 Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

JOSE ANTONIO QUINTANA (hereinafter referred to as the "defendant") enter into the following

agreement:

1.     The defendant agrees to plead guilty to the sole count of the ~~Indictment~~, which [*Superceding Information ∂cm*]

charges the defendant with Dealing in Firearms without a License, in violation of Title 18, United

States Code, Section 922(a)(1)(A).

2.     The defendant is aware that the sentence will be imposed by the Court after

considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines").  The defendant acknowledges and understands that the Court will

compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the

Court's probation office, which investigation will commence after the guilty plea has been entered.

The defendant is also aware that, under certain circumstances, the Court may depart from the

Plea Agreement
*United States v. Jose Antonio Quintana,*
12-80150-RYSKAMP/HOPKINS

advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The defendant also understands and acknowledges that the Court may impose up to a statutory maximum term of imprisonment of up to 5 years, followed by 3 years supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00 and may order restitution.

4.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 2 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.      The defendant also agrees to abandon, release and pay $10,000.00 in United States Currency to the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") as

repayment of a portion of the cost of prosecution and investigation related to this matter. This amount was seized from the defendant as evidence and is hereby forever released by the defendant to ATF.

6.  This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.  The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances

surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      This Office and the defendant agree that, although not binding on the probation office or the Court, the following guideline considerations do not apply as to the sentence to be imposed:

(A).    Base Offense Level:  That while the offense did involve semiautomatic firearms that were capable of accepting large capacity magazines, the offense was not committed while the defendant was a prohibited person or subsequent to the defendant sustaining a felony conviction as required by U.S.S.G. § 2K2.1(a).

(B).    Specific Offense Characteristics: The defendant was not engaged in the trafficking of firearms as provided by U.S.S.G. § 2K2.1(b)(5).

9.      The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges,  as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing

recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

11.     Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the items listed in the attached Appendix A which items are subject to forfeiture pursuant to Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 924(d)(1). The defendant agrees that the items listed in the attached Appendix A represent a firearm or ammunition involved in or used in the violation to which the defendant is pleading .

12.     Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States,

including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in any of the above property to the United States, execution of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States.  Defendant further knowingly and voluntarily waives the following rights as to assets subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement.  Defendant further understands that the forfeiture of these assets shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

13.     This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: ___11/9/12___                         By: _____
ADAM C. McMICHAEL
ASSISTANT UNITED STATES ATTORNEY

Date: _Nov.9/2012_                         By: _____
JEFFREY WEINER, ESQ.
COUNSEL FOR THE DEFENDANT

Date: _Nov.9/2012_                         By: _____
JOSE ANTONIO QUINTANA
DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:12-80150-CR-RYSKAMP/HOPKINS

UNITED STATES OF AMERICA,

vs.

JOSE ANTONIO QUINTANA,

Defendant.

_____/

### STIPULATED FACTUAL BASIS

The United States and JOSE ANTONIO QUINTANA (hereinafter "QUINTANA") agree that had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

1.      The Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") began an investigation into the sale of firearms without a federal firearms license by QUINTANA in 2009.  Since then, the investigation has revealed that QUINTANA has engaged in the business of selling firearms without a license at various gun shows throughout the Southern District of Florida and elsewhere.  Some of these gun shows occurred in West Palm Beach, Fort Lauderdale, Orlando, Miami and Fort Myers, Florida.  In each circumstance, QUINTANA operated a booth or tables with numerous firearms for sale.  He then sold these firearms under the guise of a private sale.  These transactions were conducted in exchange for cash and allowed QUINTANA to conduct his business without the expense of operating a storefront, reporting his activity to ATF, completing any ATF paperwork, (such as an ATF Form 4473) and without conducting background checks of any customers. QUINTANA continued this practice of selling firearms without a license until his arrest in July 2012.

2.      QUINTANA was once employed by the Miami Beach Police Department as a sworn law enforcement officer.   His employment concluded nearly ten years ago and QUINTANA was most recently employed as a private security officer.   QUINTANA also once possessed a federal firearms license (FFL).   That license expired in 1991 and was never renewed.

3.      As part of the criminal investigation, ATF conducted a financial investigation of QUINTANA's deposits and withdrawals from his bank accounts.   This portion of the investigation revealed that QUINTANA's cash deposits totaled approximately $107,946.00 during the calendar years of 2008, 2009, 2010 and 2011.   These cash deposits did not include any income from the defendant's known employers or from his spouse's employer.

4.      Investigation also determined that QUINTANA maintained an inventory of firearms at his residence in Virginia Gardens, Florida.   QUNITANA would transport a portion of those firearms to be sold at each gun show.   QUINTANA also maintained numerous composition notebooks in which he recorded nearly every firearm transaction he conducted.   These transactions were typically organized by the date and location of a gun show.   These records further included notations of the type of firearm bought or sold, the price paid for its acquisition, the sale price, and QUINTANA's net profit from the transaction.   Based upon these records, QUITNANA's firearm sales can be traced back to as early as 1990.   In addition, these records indicate that QUINTANA has sold over 200 firearms without a federal firearms license.   These ledgers also revealed that QUINTANA regularly attended the West Palm Beach gun show on numerous occasions during the calendar years of 2008 through 2012.

5.      During the entirety of the investigation, undercover agents purchased eleven (11) firearms from QUINTANA for a total purchase price of $6,115.00.   During each transaction,

QUINTANA sold the firearms without completing any ATF form 4473s and without conducting a background check of the purchaser.

6.      During a specific transaction in May 2012, an undercover ATF agent met with QUINTANA at a Shell gasoline station located in Miami-Dade County. During the gun sale, QUINTANA explained to the agent that he (QUINTANA) initially started acquiring guns as a hobby. QUINTANA further explained that the law allowed QUINTANA to privately sell a reasonable unspecified quantity of firearms. QUINTANA stated: "let us say, twelve, twenty four, thirty six, fifty, firearms per year. Let us say, reasonable. . . I surpassed that a long time ago." QUINTANA further explained to the agent, the benefits of purchasing firearms privately and that under a private gun sale with QUINTANA, no documents were necessary. QUINTANA also stated to the agent that his prices are higher compared to the prices of a licensed dealer because QUINTANA added a surcharge for the benefit of a gun purchase without the creation of sales records. QUINTANA also explained that he could not hold firearms for an extended period of time because QUINTANA used the purchase money to buy other guns which he later resold. QUINTANA explained that he had to constantly spin funds derived from gun sales to enable him to continue doing business, which included the payment of QUINTANA's bills.

7.      On July 7, 2012, ATF executed two search warrants intended to seize evidence related to QUINTANA's unlawful sale of firearms.  The first search warrant was executed upon QUINTANA's vehicle as he traveled through Palm Beach County to the Orlando gun show. During the search, ATF agents seized approximately 120 firearms, ledgers and $10,000.00 in United States currency.  The second search warrant was executed at QUINTANA's residence in Virginia Gardens, Florida.  During that search, ATF agents seized approximately 96 rifles; 79

shotguns; 418 handguns; 25,889 rounds of assorted ammunition; $60,000.00 in United States currency; and numerous ledgers, receipt books and notebooks detailing his firearm sales.

8.    Based upon these facts, the defendant, JOSE ANTONIO QUINTANA agrees that he knowingly engaged in the business of dealing in firearms without a federal firearms license and that these actions took place in the Southern District of Florida and elsewhere.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 11/9/2012

By: _____
ADAM C. McMICHAEL
ASSISTANT UNITED STATES ATTORNEY

Date: NOV.9/2012

By: _____
JEFFREY WEINER
COUNSEL FOR THE DEFENDANT

Date: Nov.9/2012

By: _____
JOSE ANTONIO QUINTANA
DEFENDANT

4

## JOSE ANTONIO QUINTANA

**(A) 96 Rifles, more or less:**

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 1 | 74U, LLC. | 12-ATF-023857 |
| 1 | Arsenal Company, Bulgaria | 12-ATF-022542 |
| 1 | Beretta | 12-ATF-022524 |
| 1 | Browning | 12-ATF-022344 |
| 7 | Bushmaster Firearms | 12-ATF-022503<br>12-ATF-022548<br>12-ATF-022562<br>12-ATF-022657<br>12-ATF-022919<br>12-ATF-022927<br>12-ATF-022989 |
| 4 | Century Arms International | 12-ATF-021972<br>12-ATF-022379<br>12-ATF-022436<br>12-ATF-022455 |
| 4 | Colt | 12-ATF-022898<br>12-ATF-022917<br>12-ATF-022957<br>12-ATF-022992 |
| 1 | DC Industries | 12-ATF-022452 |
| 2 | DSA, Incorporated | 12-ATF-022332<br>12-ATF-022977 |
| 1 | Federal Laboratories | 12-ATF-022916 |
| 2 | FN Herstal (F.N.) | 12-ATF-022650<br>12-ATF-022836 |
| 1 | FNH USA, LLC. | 12-ATF-022552 |
| 2 | Heckler and Koch | 12-ATF-022368<br>12-ATF-022862 |
| 1 | Israel Weapons Industries | 12-ATF-022962 |

1

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 2 | ITM Arms Co. | 12-ATF-022400<br>12-ATF-022972 |
| 2 | Izhmash (IMEZ) | 12-ATF-022339<br>12-ATF-022911 |
| 1 | Keltech, CNC Industries, Inc. | 12-ATF-022381 |
| 8 | Marlin Firearms Company | 12-ATF-022073<br>12-ATF-022314<br>12-ATF-022325<br>12-ATF-022494<br>12-ATF-022498<br>12-ATF-022901<br>12-ATF-022918<br>12-ATF-028802 |
| 4 | Microtech Small Arms Research | 12-ATF-022397<br>12-ATF-022404<br>12-ATF-022983<br>12-ATF-022834 |
| 2 | Norinco | 12-ATF-022389<br>12-ATF-022893 |
| 1 | Olympic Arms Incorporated | 12-ATF-022872 |
| 5 | Remington Arms Company | 12-ATF-022322<br>12-ATF-022371<br>12-ATF-022875<br>12-ATF-022923<br>12-ATF-022967 |
| 2 | Rock River Arms, Incorporated | 12-ATF-022536<br>12-ATF-022925 |
| 1 | Roggio Arsenal | 12-ATF-022417 |
| 2 | Romarm Cugir | 12-ATF-022861<br>12-ATF-022975 |
| 1 | Rossi | 12-ATF-022815 |

2

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 12 | Rugar | 12-ATF-022079<br>12-ATF-022328<br>12-ATF-022419<br>12-ATF-022420<br>12-ATF-022421<br>12-ATF-022492<br>12-ATF-022502<br>12-ATF-022505<br>12-ATF-022889<br>12-ATF-022922<br>12-ATF-022970<br>12-ATF-025934 |
| 1 | Russian | 12-ATF-022438 |
| 1 | Savage | 12-ATF-022842 |
| 1 | Special Weapons | 12-ATF-022843 |
| 4 | Sig-Sauer | 12-ATF-022469<br>12-ATF-022852<br>12-ATF-022876<br>12-ATF-022886 |
| 1 | Stag Arms | 12-ATF-022863 |
| 1 | Steyr | 12-ATF-022920 |
| 5 | Springfield Armory | 12-ATF-022352<br>12-ATF-022393<br>12-ATF-022915<br>12-ATF-022963<br>12-ATF-022840 |
| 1 | U.S.A. Military Surplus | 12-ATF-022500 |

3

| 6 | Unknown Manufacture (a)Serial Number 84564, (b)Serial Number X2611, (c)Serial Number 1973 G, (d)Serial Number 40894, (e)Serial Number 27132 and (f)Serial Number AA6371 | 12-ATF-022072 12-ATF-022382 12-ATF-022409 12-ATF-022424 12-ATF-022506 12-ATF-022900 |

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 1 | Vector Arms, Incorporated | 12-ATF-022365 |
| 2 | Winchester | 12-ATF-022326 12-ATF-022414 |

**(B) 79 Shotguns, more or less:**

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 5 | Benelli | 12-ATF-022064 12-ATF-022340 12-ATF-022383 12-ATF-022396 12-ATF-022959 |
| 2 | Beretta | 12-ATF-022361 12-ATF-022384 |
| 2 | Brescia Armas | 12-ATF-022403 12-ATF-022866 |
| 1 | Browning | 12-ATF-022854 |
| 1 | Connecticut Arms & MFG., Co | 12-ATF-022405 |
| 4 | Franchi | 12-ATF-022059 12-ATF-022083 12-ATF-022427 12-ATF-022515 |
| 1 | FNH USA, Incorporated | 12-ATF-022357 |

4

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 1 | Gaucher Armes, S.A. | 12-ATF-022423 |
| 1 | Harrington & Richardson | 12-ATF-022380 |
| 2 | High Standard | 12-ATF-022337<br>12-ATF-022395 |
| 3 | Ithaca Gun Company | 12-ATF-022388<br>12-ATF-022398<br>12-ATF-022401 |
| 2 | Izhmash (IMEZ) | 12-ATF-022416<br>12-ATF-022422 |
| 22 | Mossberg | 12-ATF-022323<br>12-ATF-022341<br>12-ATF-022342<br>12-ATF-022347<br>12-ATF-022355<br>12-ATF-022360<br>12-ATF-022364<br>12-ATF-022367<br>12-ATF-022373<br>12-ATF-022378<br>12-ATF-022387<br>12-ATF-022402<br>12-ATF-022407<br>12-ATF-022413<br>12-ATF-022496<br>12-ATF-022837<br>12-ATF-022850<br>12-ATF-022860<br>12-ATF-022883<br>12-ATF-022908<br>12-ATF-028078<br>12-ATF-028800 |
| 1 | New England Firearms | 12-ATF-022348 |
| 2 | Savage | 12-ATF-022406<br>12-ATF-022446 |

5

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 16 | Remington | 12-ATF-022065<br>12-ATF-022351<br>12-ATF-022363<br>12-ATF-022370<br>12-ATF-022385<br>12-ATF-022386<br>12-ATF-022390<br>12-ATF-022392<br>12-ATF-022394<br>12-ATF-022408<br>12-ATF-022440<br>12-ATF-022846<br>12-ATF-022848<br>12-ATF-022910<br>12-ATF-022955<br>12-ATF-022988 |
| 4 | Unknown Manufacture<br>  (a)No Serial Number.<br>  (b)No Serial Number.<br>  (c)Serial Number<br>R2917.<br>  (d)Serial Number<br>9304225. | 12-ATF-022359<br>12-ATF-022913<br>12-ATF-022994<br>12-ATF- |
| 1 | US Repeating Arms<br>Company | 12-ATF-022428 |
| 1 | Valtro Stocchetta,<br>S.R.L. | 12-ATF-022327 |
| 1 | Western Arms Company | 12-ATF-022349 |
| 1 | Wilson Combat | 12-ATF-022892 |
| 5 | Winchester | 12-ATF-022077<br>12-ATF-022399<br>12-ATF-022881<br>12-ATF-022890<br>12-ATF-022903 |

(C) 418 Handguns, more or less:

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 2 | American Derringer Co. | 12-ATF-022042<br>12-ATF-022044 |

6

Appendix A

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 5 | Arcadia Machine & Tool "AMT" | 12-ATF-022021<br>12-ATF-022023<br>12-ATF-022026<br>12-ATF-022488<br>12-ATF-022710 |
| 3 | Astra | 12-ATF-022786<br>12-ATF-022790<br>12-ATF-022796 |
| 29 | Beretta USA | 12-ATF-021974<br>12-ATF-022007<br>12-ATF-022051<br>12-ATF-022056<br>12-ATF-022162<br>12-ATF-022179<br>12-ATF-022181<br>12-ATF-022206<br>12-ATF-022231<br>12-ATF-022245<br>12-ATF-022248<br>12-ATF-022266<br>12-ATF-022279<br>12-ATF-022282<br>12-ATF-022302<br>12-ATF-022470<br>12-ATF-022487<br>12-ATF-022541<br>12-ATF-022669<br>12-ATF-022700<br>12-ATF-022705<br>12-ATF-022784<br>12-ATF-022791<br>12-ATF-022792<br>12-ATF-022838<br>12-ATF-022874<br>12-ATF-022924<br>12-ATF-022956<br>12-ATF-022829 |

7

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 13 | Beretta Pietro | 12-ATF-022036<br>12-ATF-022040<br>12-ATF-022053<br>12-ATF-022234<br>12-ATF-022236<br>12-ATF-022237<br>12-ATF-022238<br>12-ATF-022247<br>12-ATF-022253<br>12-ATF-022501<br>12-ATF-022676<br>12-ATF-022780<br>12-ATF-028794 |
| 1 | Bond Arms, Inc. | 12-ATF-022041 |
| 3 | Browning | 12-ATF-022242<br>12-ATF-022722<br>12-ATF-022732 |
| 3 | Bushmaster Firearms | 12-ATF-022868<br>12-ATF-022968<br>12-ATF-022987 |
| 4 | Caracal International LLC. | 12-ATF-021980<br>12-ATF-021985<br>12-ATF-022194<br>12-ATF-022658 |
| 3 | Ceska Zbrojovka "CZ" | 12-ATF-022017<br>12-ATF-022801<br>12-ATF-022813 |
| 2 | Charter Arms | 12-ATF-022270<br>12-ATF-022276 |
| 1 | Chiappa Firearms LTD. | 12-ATF-022296 |
| 1 | Chinese | 12-ATF-022788 |
| 15 | Colt | 12-ATF-022011<br>12-ATF-022019<br>12-ATF-022070<br>12-ATF-022084<br>12-ATF-022187<br>12-ATF-022258 |

8

Appendix A

|  | Colt, continued | 12-ATF-022263 |
|  |  | 12-ATF-022293 |
|  |  | 12-ATF-022312 |
|  |  | 12-ATF-022730 |
|  |  | 12-ATF-022744 |
|  |  | 12-ATF-022795 |
|  |  | 12-ATF-022803 |
|  |  | 12-ATF-022867 |
|  |  | 12-ATF-022914 |
| **QUANTITY** | **MANUFACTURE** | **CATS#** |
| 3 | Detonics, New Detonics MFG., Corp. | 12-ATF-022016<br>12-ATF-022966<br>12-ATF-022493 |
| 2 | Daewoo | 12-ATF-022209<br>12-ATF-022215 |
| 2 | Diamond Back Arms, Inc. | 12-ATF-022169<br>12-ATF-022214 |
| 1 | Downsizer Corp. | 12-ATF-022707 |
| 3 | FEG | 12-ATF-022075<br>12-ATF-022715<br>12-ATF-022964 |
| 3 | FNH, USA LLC. | 12-ATF-022453<br>12-ATF-022711<br>12-ATF-022870 |
| 8 | FN Herstal "FN" | 12-ATF-021988<br>12-ATF-022045<br>12-ATF-022782<br>12-ATF-022785<br>12-ATF-022816<br>12-ATF-022859<br>12-ATF-022879<br>12-ATF-022974 |
| 45 | Glock | 12-ATF-021981<br>12-ATF-021984<br>12-ATF-021998<br>12-ATF-022037<br>12-ATF-022050<br>12-ATF-022057 |

9

Appendix A

| | Glock, continued | 12-ATF-022058 |
|---|---|---|
| | | 12-ATF-022062 |
| | | 12-ATF-022063 |
| | | 12-ATF-022264 |
| | | 12-ATF-022441 |
| | | 12-ATF-022444 |
| | | 12-ATF-022454 |
| | | 12-ATF-022481 |
| | | 12-ATF-022484 |
| | | 12-ATF-022490 |
| | | 12-ATF-022513 |
| | | 12-ATF-022516 |
| | | 12-ATF-022518 |
| | | 12-ATF-022522 |
| | | 12-ATF-022523 |
| | | 12-ATF-022525 |
| | | 12-ATF-022527 |
| | | 12-ATF-022534 |
| | | 12-ATF-022537 |
| | | 12-ATF-022540 |
| | | 12-ATF-022544 |
| | | 12-ATF-022549 |
| | | 12-ATF-022550 |
| | | 12-ATF-022554 |
| | | 12-ATF-022555 |
| | | 12-ATF-022557 |
| | | 12-ATF-022558 |
| | | 12-ATF-022559 |
| | | 12-ATF-022561 |
| | | 12-ATF-022563 |
| | | 12-ATF-022647 |
| | | 12-ATF-022649 |
| | | 12-ATF-022652 |
| | | 12-ATF-022654 |
| | | 12-ATF-022716 |
| | | 12-ATF-022783 |
| | | 12-ATF-022824 |
| | | 12-ATF-022830 |
| | | 12-ATF-026323 |
| 3 | Harrington & Richardson | 12-ATF-022735 |
| | | 12-ATF-022656 |
| | | 12-ATF-022660 |

10

Appendix A

| QUANTITY | MANUFACTURE | CATS# |
|----------|-------------|-------|
| 20 | Heckler & Koch | 12-ATF-022014<br>12-ATF-022028<br>12-ATF-022031<br>12-ATF-022038<br>12-ATF-022164<br>12-ATF-022167<br>12-ATF-022171<br>12-ATF-022172<br>12-ATF-022180<br>12-ATF-022184<br>12-ATF-022192<br>12-ATF-022195<br>12-ATF-022197<br>12-ATF-022198<br>12-ATF-022199<br>12-ATF-022203<br>12-ATF-022208<br>12-ATF-022210<br>12-ATF-022213<br>12-ATF-022218 |
| 6 | High Standard | 12-ATF-022317<br>12-ATF-022663<br>12-ATF-022714<br>12-ATF-022725<br>12-ATF-022776<br>12-ATF-022882 |
| 1 | HM Gering | 12-ATF-022835 |
| 1 | Indian Arms Corp. | 12-ATF-022726 |
| 1 | Intratec | 12-ATF-022046 |
| 1 | Interarms | 12-ATF-022489 |
| 1 | Jennings Firearms | 12-ATF-022703 |
| 1 | JLD Enterprises | 12-ATF-028801 |

11

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 9 | Israel Weapons Industries | 12-ATF-022260<br>12-ATF-022410<br>12-ATF-022514<br>12-ATF-022675<br>12-ATF-022779<br>12-ATF-022831<br>12-ATF-028782<br>12-ATF-028787<br>12-ATF-028790 |
| 1 | Iver Johnson | 12-ATF-028795 |
| 5 | Kahr Arms | 12-ATF-022055<br>12-ATF-022176<br>12-ATF-022193<br>12-ATF-022204<br>12-ATF-022817 |
| 1 | KBI, Inc. | 12-ATF-028778 |
| 1 | Kimber | 12-ATF-022902 |
| 1 | Lone Wolf R&D LLC. | 12-ATF-022448 |
| 1 | Luger | 12-ATF-022877 |
| 4 | L.W. Seecamp | 12-ATF-022033<br>12-ATF-022313<br>12-ATF-022708<br>12-ATF-028799 |
| 1 | Makarov | 12-ATF-022316 |
| 4 | Mauser | 12-ATF-022709<br>12-ATF-022789<br>12-ATF-022797<br>12-ATF-022822 |
| 3 | MIL, Inc. | 12-ATF-022066<br>12-ATF-022532<br>12-ATF-022545 |

12

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 1 | Norinco | 12-ATF-022806 |
| 7 | North American Arms | 12-ATF-021982<br>12-ATF-022043<br>12-ATF-022217<br>12-ATF-022299<br>12-ATF-022678<br>12-ATF-022969<br>12-ATF-026235 |
| 1 | Norton Armament Corp. | 12-ATF-022012 |
| 1 | Poland | 12-ATF-022277 |
| 2 | Primary Weapon Systems "PWS" | 12-ATF-022271<br>12-ATF-022309 |
| 1 | Radom | 12-ATF-022664 |
| 1 | Rheinische Metallwaren Und Maschinenfabrik | 12-ATF-022667 |
| 1 | RPB Industries | 12-ATF-022733 |
| 2 | Romarm Cugir | 12-ATF-022425<br>12-ATF-022811 |
| 24 | Rugar | 12-ATF-022006<br>12-ATF-022067<br>12-ATF-022165<br>12-ATF-022191<br>12-ATF-022205<br>12-ATF-022228<br>12-ATF-022243<br>12-ATF-022251<br>12-ATF-022254<br>12-ATF-022281<br>12-ATF-022286<br>12-ATF-022291<br>12-ATF-022298<br>12-ATF-022307<br>12-ATF-022450<br>12-ATF-022451<br>12-ATF-022466<br>12-ATF-022482 |

13

|  | Rugar continued | 12-ATF-022483<br>12-ATF-022485<br>12-ATF-022718<br>12-ATF-022802<br>12-ATF-022823<br>12-ATF-022844 |
|---|---|---|
| **QUANTITY** | **MANUFACTURE** | **CATS#** |
| 1 | Sauer, J.P., (Sauer & Son) | 12-ATF-022971 |
| 1 | Savage | 12-ATF-022728 |
| 80 | Smith & Wesson | 12-ATF-021979<br>12-ATF-021991<br>12-ATF-021992<br>12-ATF-021995<br>12-ATF-021996<br>12-ATF-022018<br>12-ATF-022024<br>12-ATF-022047<br>12-ATF-022048<br>12-ATF-022054<br>12-ATF-022074<br>12-ATF-022076<br>12-ATF-022078<br>12-ATF-022081<br>12-ATF-022082<br>12-ATF-022085<br>12-ATF-022087<br>12-ATF-022159<br>12-ATF-022161<br>12-ATF-022168<br>12-ATF-022173<br>12-ATF-022182<br>12-ATF-022185<br>12-ATF-022188<br>12-ATF-022190<br>12-ATF-022196<br>12-ATF-022200<br>12-ATF-022201<br>12-ATF-022202<br>12-ATF-022207<br>12-ATF-022212<br>12-ATF-022226 |

14

| 80 | Smith & Wesson, continued | 12-ATF-022227  12-ATF-028798 |
|---|---|---|
| | | 12-ATF-022229  12-ATF-026322 |
| | | 12-ATF-022233 |
| | | 12-ATF-022256 |
| | | 12-ATF-022257 |
| | | 12-ATF-022262 |
| | | 12-ATF-022265 |
| | | 12-ATF-022268 |
| | | 12-ATF-022273 |
| | | 12-ATF-022283 |
| | | 12-ATF-022290 |
| | | 12-ATF-022300 |
| | | 12-ATF-022304 |
| | | 12-ATF-022346 |
| | | 12-ATF-022354 |
| | | 12-ATF-022411 |
| | | 12-ATF-022412 |
| | | 12-ATF-022415 |
| | | 12-ATF-022418 |
| | | 12-ATF-022429 |
| | | 12-ATF-022442 |
| | | 12-ATF-022443 |
| | | 12-ATF-022447 |
| | | 12-ATF-022465 |
| | | 12-ATF-022467 |
| | | 12-ATF-022495 |
| | | 12-ATF-022662 |
| | | 12-ATF-022666 |
| | | 12-ATF-022712 |
| | | 12-ATF-022723 |
| | | 12-ATF-022727 |
| | | 12-ATF-022739 |
| | | 12-ATF-022742 |
| | | 12-ATF-022793 |
| | | 12-ATF-022794 |
| | | 12-ATF-022798 |
| | | 12-ATF-022800 |
| | | 12-ATF-022809 |
| | | 12-ATF-022812 |
| | | 12-ATF-022820 |
| | | 12-ATF-022821 |
| | | 12-ATF-022825 |
| | | 12-ATF-022826 |
| | | 12-ATF-022856 |
| | | 12-ATF-022926 |
| | | 12-ATF-023860 |

15

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 37 | Sig Sauer | 12-ATF-021978<br>12-ATF-021989<br>12-ATF-022008<br>12-ATF-022020<br>12-ATF-022030<br>12-ATF-022032<br>12-ATF-022035<br>12-ATF-022039<br>12-ATF-022052<br>12-ATF-022061<br>12-ATF-022068<br>12-ATF-022069<br>12-ATF-022255<br>12-ATF-022288<br>12-ATF-022294<br>12-ATF-022426<br>12-ATF-022434<br>12-ATF-022468<br>12-ATF-022486<br>12-ATF-022491<br>12-ATF-022713<br>12-ATF-022724<br>12-ATF-022799<br>12-ATF-022804<br>12-ATF-022805<br>12-ATF-022807<br>12-ATF-022808<br>12-ATF-022828<br>12-ATF-022833<br>12-ATF-022841<br>12-ATF-022857<br>12-ATF-022864<br>12-ATF-022896<br>12-ATF-022978<br>12-ATF-022986<br>12-ATF-022990<br>12-ATF-023858 |
| 1 | Sites S.P.A. | 12-ATF-028785 |
| 1 | Spreewerk | 12-ATF-022777 |
|  |  |  |

16

| QUANTITY | MANUFACTURE | CATS# |
|---|---|---|
| 7 | Springfield Armory | 12-ATF-022034<br>12-ATF-022261<br>12-ATF-022439<br>12-ATF-022521<br>12-ATF-022672<br>12-ATF-022787<br>12-ATF-022819 |
| 2 | Star | 12-ATF-022274<br>12-ATF-022781 |
| 1 | Stinger MFG Corp. | 12-ATF-025937 |
| 1 | Tanfoglio | 12-ATF-022049 |
| 3 | Taurus | 12-ATF-022010<br>12-ATF-022080<br>12-ATF-022497 |
| 1 | Thompson Center Arms, Co. | 12-ATF-022810 |
| 1 | Unknown Manufacture (a)Serial Number 12-0004991 | 12-ATF-022086 |
| 1 | Vector Arms, Inc. | 12-ATF-022814 |
| 18 | Walther | 12-ATF-021986<br>12-ATF-021993<br>12-ATF-022060<br>12-ATF-022071<br>12-ATF-022174<br>12-ATF-022177<br>12-ATF-022186<br>12-ATF-022269<br>12-ATF-022285<br>12-ATF-022305<br>12-ATF-022311<br>12-ATF-022504<br>12-ATF-022511<br>12-ATF-022551<br>12-ATF-022646<br>12-ATF-022673<br>12-ATF-028079<br>12-ATF-028792 |

17

Appendix A

| QUANTITY | MANUFACTURE | CATS# |
|----------|-------------|-------|
| 1 | Webley, Webley & Scott | 12-ATF-022731 |
| 1 | Wilson Combat | 12-ATF-021987 |
| 1 | Zastava | 12-ATF-022259 |

    (D) Approximately 25,889 rounds of miscellaneous caliber ammunition.

```
12-ATF-022015
12-ATF-022670
12-ATF-022701
12-ATF-022818
12-ATF-022827
12-ATF-022865
12-ATF-022973
12-ATF-022984
12-ATF-022991
12-ATF-022995
12-ATF-022996
12-ATF-022997
12-ATF-022998
12-ATF-026324
12-ATF-026599
12-ATF-026600
12-ATF-026601
12-ATF-026602
```

18

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   12-MJ-08260  DLB |
| JOSE ANTONIO QUINTANA | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

*offense*

I understand that I have been accused of one ~~or more offenses~~ punishable by imprisonment for more than one year.  I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date:  **Nov. 6/2012**

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Jeffrey Weiner
*Printed name of defendant's attorney*

_____
*Judge's signature*

Kenneth L. Ryskamp, United States District Judge
*Judge's printed name and title*